JAMES O'CONNOR v. SARAH LE ROUX,

*Replevin—Agency—Submission to jury.*

The only question in this case is the authority of the brother of plaintiff to release defendant from the payment of $5 of the price agreed to be paid for a sewing-machine purchased of the plaintiff, the title to which was retained until the purchase price was fully paid, and the Court is unable to say that there was no evidence proper for the jury to consider as establishing such authority.

Error to Chippewa. (Grant, J., presiding.) Argued October 18, 1889. Decided November 15, 1889.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*M. J. Doyle,* for appellant.

*J. W. McMahon,* for defendant.

LONG, J. This is an action of replevin, tried in the circuit court for Chippewa county before a jury.

The property in controversy was a sewing-machine which plaintiff sold defendant under a written contract, by the terms of which the title to the machine was to remain in plaintiff until the amount for which it was sold, $45, was fully paid. This contract was made May

19, 1885, and $10 paid at its execution. The defendant thereafter paid the whole amount under the contract, less $5, which she refused to pay to plaintiff, claiming that when she made the last payment it was agreed that it should be in full of the contract.

From the testimony of the defendant it appeared that a brother of the plaintiff called upon her for the purpose of collecting the sums due on the contract, and that upon two occasions she made payments to him, the last payment being $10. At the time this last payment was made defendant called his attention to the condition of the wheel of the machine,—that it was rusty; that the brother of the plaintiff then said they would have to send to Detroit for a new wheel, which would cost about $5, but if the defendant would give him all but $5 yet remaining unpaid on the contract, and not bother them about the wheel, they would send her the note or contract, and would not demand the payment of the $5 balance. This $10 was then paid, and, as the defendant claims, was to be in full satisfaction of the note. This arrangement was also testified to by the husband of defendant.

The counsel for the plaintiff claims, however, that this brother had no authority to make such arrangement, and that if any was made it was not binding upon the plaintiff. This raises the only question in the case. The court left the question to the jury for their determination, telling them that if they found from the evidence that the brother of Mr. O'Connor had authority to make such an arrangement the plaintiff would be bound by it; and, the defendant having waived return of the property, they should find for her the value of the property taken. The jury returned a verdict in favor of defendant for $25.

We think the court was not in error in this charge. From a careful reading of the record, we cannot say that there was no evidence upon this question to go to the jury. We need not point out in what this consists, but from the cross-examination of the plaintiff himself it is made apparent that the brother was authorized to do collecting, and to make compromises on certain classes of these machines. There is certainly some evidence in the case showing this authority, and strong inferences might be drawn from the circumstances of the business methods pursued by the brother, with the knowledge of the plaintiff, from which the jury might well find the authority.

We find no error in the record, and the judgment must be affirmed, with costs.

The other Justices concurred.